J-S20033-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| DAVID EVANSON | : | |
| Appellant | : | No. 3096 EDA 2025 |

Appeal from the PCRA Order Entered October 31, 2025
In the Court of Common Pleas of Chester County Criminal Division at
No(s): CP-15-CR-0002909-2022

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| DAVID EVANSON | : | |
| Appellant | : | No. 3097 EDA 2025 |

Appeal from the PCRA Order Entered October 31, 2025
In the Court of Common Pleas of Chester County Criminal Division at
No(s): CP-15-CR-0002910-2022

BEFORE: NICHOLS, J., McLAUGHLIN, J., and KING, J.

MEMORANDUM BY KING, J.: **FILED JULY 16, 2026**

Appellant, David Evanson, appeals from the order entered in the Chester County Court of Common Pleas, which dismissed as untimely Appellant's petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1] We affirm.

The relevant facts and procedural history of this case are as follows. On

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.

April 11, 2023, Appellant entered open guilty pleas at two separate dockets, CP-15-CR-0002909-2022 and CP-15-CR-0002910-2022, for driving under the influence ("DUI") offenses committed within one day of each other. Because Appellant had previously received accelerated rehabilitative disposition ("ARD") for a prior DUI offense, he pled to the new offenses as 2nd and 3rd offenses under the prevailing law at that time.

On July 14, 2023, Appellant was sentenced at docket No. 2909-2022 (3rd offense) to 15 days of incarceration, 75 days of restrictive probation on electronic monitoring, and 5 years of restrictive supervision; and at docket No. 2910-2022 (2nd offense) Appellant was sentenced to 15 days of incarceration, 75 days of restrictive probation on electronic monitoring, and 5 years of restrictive supervision, with credit for time served at each docket.[2] Appellant did not file a direct appeal.

On August 22, 2025, Appellant filed a PCRA petition, asserting that it was timely filed within one year after the Pennsylvania Supreme Court's May 30, 2025 decision in *Commonwealth v. Shifflett*, ___ Pa. ___, 335 A.3d 1158 (2025) (holding that defendant's prior acceptance of ARD is fact that must be submitted to jury pursuant to United States Supreme Court's

_____

[2] At sentencing, the court stated: "[T]here will be credit for the 30 days of prison, the two five-years are running together, but you're going to have to do 150 days of electronic home monitoring, 75 on each one, and you're going to have 150 hours of community service, 60 and 90...." (N.T. Sentencing, 7/14/23, at 9-10). On August 17, 2023, the court issued an amended sentencing sheet, which clarified that the electronic monitoring portions of the sentences would run consecutive and the five years' restrictive supervision portions of the sentences would run concurrent to each other.

decisions in *Alleyne v. United States*, 570 U.S. 99, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013) and *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000)). Appellant admitted that *Shifflett* did not explicitly state that it would apply retroactively, but he averred that the decision announced a new constitutional rule warranting retroactive application. Further, Appellant argued that, because it was now facially unconstitutional for a court to accept a guilty plea and impose an enhanced sentence based upon a prior acceptance into ARD, he was serving an illegal sentence in contravention of *Apprendi* and *Alleyne*. In response, the Commonwealth asserted that the petition was untimely and that *Shifflett* did not apply retroactively.

On September 10, 2025, the PCRA court sent notice pursuant to Pa.R.Crim.P. 907 that the petition would be dismissed without a hearing, as it was untimely filed.[3] On September 30, 2025, Appellant filed a response to the court's 907 notice. On October 7, 2025, the court issued an amended Pa.R.Crim.P. 907 notice. On October 23, 2025, Appellant responded to the amended notice. On October 24, 2025, the Commonwealth responded in opposition to both of Appellant's responses. On October 31, 2025, the court

---

[3] The PCRA court incorrectly stated in this Rule 907 notice that Appellant had only 60 days from of the date he discovered his claim to assert his proffered time-bar exception per 42 Pa.C.S.A. § 9545(b)(2), rather than the one year provided in the current version of the statute. *See* 42 Pa.C.S.A. § 9545(b)(2) (stating that any petition invoking exception as provided in paragraph (1) shall be filed within one year of date claim could have been presented). Appellant pointed out this error in his response to the 907 notice. This error does not impact our analysis.

formally dismissed Appellant's petition without a hearing.

On December 1, 2025, Appellant timely filed a notice of appeal at each docket. On December 2, 2025, the court ordered Appellant to file Pa.R.A.P. 1925(b) statements of matters complained of on appeal. On December 18, 2025, Appellant timely complied.[4]

On appeal, Appellant raises the following issues for review:

> I. Whether the [PCRA] court has jurisdiction to vacate the convictions and sentences imposed upon Appellant pursuant to a guilty plea entered on April 11, 2023, and sentence imposed on July 14, 2023, based upon the statutory language of 75 Pa.C.S. § 3806 that allowed acceptance into the [ARD] program to be considered a "prior offense" for purposes of imposing mandatory minimum penalties for a Second and Third Driving Under the Influence offense, because our Supreme Court in [**Shifflett, supra**] announced a judicial decision that may serve as a factual predicate for a newly discovered fact exception to the time bar under 42 Pa.C.S. § 9545(b)(1)[(ii)], and/or although the Supreme Court did not utter the magic words of "retroactivity" in the **Shifflett** decision, their decision announced a new constitutional rule that warrants retroactive application under 42 Pa.C.S. § 9545(b)(l)(iii)?
>
> II. Whether Appellant is serving an illegal sentence as our Pennsylvania Supreme Court in [**Shifflett, supra**], held that it is facially unconstitutional for a court to accept a guilty plea and impose a sentence pursuant to 75 Pa.C.S. § 3806, that allowed a prior acceptance into ARD to be used as a basis for an enhanced sentence under 75 Pa.C.S. § 3804, in contravention of [**Apprendi, supra**] (any fact which increases the penalty for a crime beyond the statutory maximum other than the fact of a prior conviction, must be submitted to a jury and proven beyond a reasonable doubt) and [**Alleyne, supra**]?

_____

[4] On January 26, 2026, this Court consolidated Appellant's appeals *sua sponte*.

- 4 -

III. Whether the [PCRA] court erred in denying Appellant's request for an evidentiary hearing to admit into evidence his certified driving record and criminal background check to support his claims for relief, and/or leave to amend the Petition for Post-Conviction Relief pursuant to Pa.R.Crim.P. 905(A), in order to request an evidentiary hearing for this purpose in that Appellant requested the production of the Sentencing Hearing transcripts on August 14, 2025 that were not produced until October 22, 2025 for the Sentencing Hearing held in these matters on July 14, 2023, for which the record is silent as to the basis for considering this plea and sentence to a 2nd and 3rd offense Driving Under the Influence offense?

(Appellant's Brief at 4-5).

The timeliness of a PCRA petition is a jurisdictional requisite. *Commonwealth v. Hackett*, 598 Pa. 350, 956 A.2d 978 (2008), *cert. denied*, 556 U.S. 1285, 129 S.Ct. 2772, 174 L.Ed.2d 277 (2009). Pennsylvania law makes clear that no court has jurisdiction to hear an untimely PCRA petition. *Commonwealth v. Robinson*, 575 Pa. 500, 837 A.2d 1157 (2003). The PCRA requires a petition, including a second or subsequent petition, to be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). To obtain merits review of a PCRA petition filed more than one year after the judgment of sentence became final, the petitioner must allege and prove:

(i) the failure to raise the claim previously was the result of

- 5 -

interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Additionally, a PCRA petitioner must file his petition within one year of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2). When the claim is predicated on a judicial decision, the period begins to run upon the date of the underlying judicial decision. *Commonwealth v. Boyd*, 923 A.2d 513, 516 (Pa.Super. 2007).

Instantly, Appellant's judgment of sentence became final on August 14, 2023, upon expiration of his time to file a direct appeal.[5] *See* Pa.R.A.P. 903. *See also* 42 Pa.C.S.A. § 9545(b)(3). Therefore, Appellant had until August 14, 2024, to timely file a PCRA petition. *See* 42 Pa.C.S.A. § 9545(b)(1). Appellant filed the instant petition on August 22, 2025, which is patently untimely. *See* 42 Pa.C.S.A. § 9545(b)(1).

In his PCRA petition, Appellant alleged he has satisfied the newly-

_____

[5] "Whenever the last day of any such period shall fall on Saturday or Sunday, or on any day made a legal holiday by the laws of this Commonwealth or of the United States, such day shall be omitted from the computation." 1 Pa.C.S.A. § 1908. Instantly, the last day of the appeal period fell on August 13, 2023, a Sunday.

recognized constitutional right exception to the PCRA time bar, contending that **Shifflett** announced a new constitutional rule warranting retroactive application, and that Appellant is serving an illegal sentence under **Shifflett**.[6]

The Pennsylvania Supreme Court has explained this exception has two requirements:

> First, it provides that the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or [the Pennsylvania Supreme Court] after the time provided in [S]ection [9545]. Second, it provides that the right "has been held" by "that court" to apply retroactively. Thus, a petitioner must prove that there is a "new" constitutional right and that the right "has been held" by that court to apply retroactively. The language "has been held" is in the past tense. These words mean that the action has already occurred, *i.e.*, "that court" has already **held the new constitutional right to be retroactive to cases on collateral review**. By employing the past tense in writing this provision, the legislature clearly intended that the right was already recognized at the time the petition was filed.

**Commonwealth v. Spotz**, 642 Pa. 717, 724, 171 A.3d 675, 679 (2017) (emphasis added and citation omitted).

_____

[6] Although Appellant also purports to assert his claim under the "newly-discovered facts" exception to the PCRA time bar, a claim relying on a judicial decision is properly evaluated under the new constitutional right exception and not the newly-discovered fact exception. **See, e.g., Commonwealth v. Watts**, 611 Pa. 80, 23 A.3d 980 (2011) (holding that subsequent decisional law does not amount to new 'fact' under section 9545(b)(1)(ii) of the PCRA).

Further, it is well settled that a PCRA petitioner alleging an illegal sentencing claim must first satisfy the PCRA's jurisdictional hurdle to be entitled to correction of his sentence. **See Commonwealth v. Woods**, 179 A.3d 37, 43 (Pa.Super. 2017) (holding that appellant may not elude PCRA timeliness requirements with claim predicated upon illegal sentence; although legality of sentence is always subject to review within PCRA, claims must still first satisfy PCRA's time limits or one of exceptions thereto).

In **Shifflett**, our Supreme Court held that a defendant's prior acceptance of ARD is a fact that must be submitted to a jury pursuant to the United States Supreme Court's decisions in **Alleyne** and **Apprendi**:

> In sum, because acceptance into an ARD program does not offer a defendant any of the constitutional safeguards that accompany either a criminal conviction or a guilty plea proceeding, safeguards on which the Supreme Court's recognition of a prior conviction exception in **Apprendi** and **Alleyne** was based, we conclude that a defendant's previous acceptance of ARD, on its own, does not fall within the prior conviction exception contemplated in **Apprendi** and **Alleyne**.

**Shifflett, supra** at ___, 335 A.3d at 1175. Further, "as Section 3806 allows a defendant's previous acceptance of ARD to be used as a basis for an enhanced sentence under Section 3804, in contravention of **Apprendi** and **Alleyne**, we hold that it is facially unconstitutional." **Id**. at ___, 335 A.3d at 1178. Importantly, as Appellant seems to acknowledge, the Court did not state that the decision applied retroactively. **See Shifflett, supra**.

This Court may not deem decisions to apply retroactively for purposes of Section 9545(b)(1)(iii); only the Pennsylvania Supreme Court or United States Supreme Court may do so. **See Commonwealth v. Murphy**, 180 A.3d 402, 405-06 (Pa.Super. 2018) (holding that where defendant cannot establish United States Supreme Court or Pennsylvania Supreme Court has held decision to apply retroactively, defendant cannot rely upon decision to establish PCRA time bar exception). **See also Commonwealth v. Pittman**, No. 1069 MDA 2025 (Pa.Super. filed Feb. 6, 2026) (unpublished

memorandum) (holding **Shifflett** does not apply retroactively to cases on collateral review, and this Court may not deem it retroactive); Pa.R.A.P. 126(b) (stating we may rely on unpublished decisions of this Court filed after May 1, 2019 for their persuasive value).

Essentially, Appellant argues that, although neither the United States Supreme Court nor the Pennsylvania Supreme Court have expressly held that **Shifflett** applies retroactively on collateral review, we should determine that the decision constituted a "watershed rule" because it "decriminalizes conduct or prohibits punishment against a class of persons." (Appellant's Brief at 24) (citing **Commonwealth v. Washington**, 636 Pa. 301, 305, 142 A. 3d 810, 813 (2016)).[7] The PCRA court evaluated this argument and explained that

_____

[7] In so arguing, Appellant refers to the two categories of rules exempt from the "general retroactivity bar" and "which a defendant may invoke notwithstanding the finality of his or her judgment of sentence." **Commonwealth v. Olson**, 655 Pa. 511, 519-20, 218 A.3d 863, 868 (2019).

> First, [n]ew **substantive** rules generally apply retroactively. Second, a much narrower class of "watershed rules of criminal procedure" also apply retroactively. The High Court has described such "watershed" rules as those that implicat[e] the fundamental fairness and accuracy of the criminal proceeding.

**See id.** (some citations and quotations omitted, emphasis in original). **See also Teague v. Lane**, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989) (plurality opinion) (defining watershed rule as one that alters our understanding of bedrock **procedural** elements).

Subsequently, however, the United States Supreme Court has held that "[t]he watershed exception is moribund. ... [N]o *stare decisis* values would be served by continuing to indulge the fiction that **Teague**'s purported watershed
*(Footnote Continued Next Page)*

***Shifflett***'s holding constituted a procedural rule rather than a substantive rule and was not retroactively applicable. (***See*** PCRA Court Opinion, 1/22/26, at 4-7). We reiterate that neither the United States Supreme Court nor the Pennsylvania Supreme Court have held that ***Shifflett*** applies retroactively. ***See Murphy, supra***. Therefore, in the absence of an express declaration by one of those courts that the holding is retroactive, Appellant's claim fails.[8] ***See Spotz, supra***; ***Murphy, supra***; ***Pittman, supra***. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/16/2026

---

exception endures." ***Edwards v. Vannoy***, 593 U.S. 255, 274, 141 S.Ct. 1547, 1560-61 (2021). Accordingly, the watershed rule exception does not afford Appellant relief. ***See, e.g., Commonwealth v. Branthafer***, 315 A.3d 113, 135 (Pa.Super. 2024), *appeal denied*, ___ Pa. ___, 333 A.3d 1266 (2025) (observing that, even assuming, *arguendo*, case set forth new rule of criminal procedure, pronouncement in ***Edwards*** precludes determination that rule constitutes "watershed rule" that applies retroactively on collateral review where judgment of sentence has become final).

Further, the cases Appellant cites in support of this argument are either Pennsylvania Supreme Court or United States Supreme Court cases, but he has not provided any authority to support the notion that **this Court** may declare retroactivity where it is not explicitly stated.

[8] Based upon our disposition of Appellant's first issue, we do not address his second and third issues on appeal.